UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAVINCENT MOORE,

        Plaintiff,

v.                                Case No. 22-cv-1385-bhl

MILWAUKEE COUNTY and
CITY OF MILWAUKEE,

        Defendants.

# SCREENING ORDER

    Plaintiff LaVincent Moore, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Moore's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Moore has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Moore has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $52.10. Moore's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

Case 2:22-cv-01385-BHL   Filed 02/15/23   Page 2 of 7   Document 8

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Moore explains that he was arrested on October 8, 2022. He asserts that officers suspected he had inserted an illegal substance in his rectum. After arriving at the jail, Moore underwent an x-ray body scan. Moore states that he was cleared by a police officer, but CO Martinez recommended he be taken to the hospital to have the alleged contents removed. According to Moore, the doctor refused to perform the search. Dkt. No. 1 at 3.

Moore asserts that he was then held at central booking for four days, after which he was taken to a different hospital. According to Moore, while at the hospital, he was not allowed to have any food or water and he was handcuffed to the bed. He states that officers taunted him by pouring glasses of water and setting them just out of reach, handing him water but then snatching the cup away right before he took a drink, overtightening his handcuffs, and mocking him. Moore does not clarify how long he was at the hospital. Moore states that he was presented with a warrant, but his request to read it was denied. He explains that he underwent another x-ray, and then his anal cavity was searched.

According to Moore, he was taken to four different hospitals for x-rays over the course of four days. He states that nothing was detected on any of the x-rays and nothing was found during the search. Moore explains that after the search he was taken back to central booking for four more days, at which time the drug-related charges were dropped. Dkt. No. 1 at 4-5.

## THE COURT'S ANALYSIS

The Fourth Amendment guarantees the "right of the people to be secure in their persons . . . against unreasonable searches and seizures." The Seventh Circuit has explained that the Fourth

3

Amendment applies to the search of a pretrial detainee's body cavities. *Brown v. Polk County, Wisconsin*, 965 F.3d 534, 537-38 (7th Cir. 2020). The Court evaluates the reasonableness of a cavity search "by balancing 'the need for the particular search against the invasion of personal rights that the search entails.'" *Brown*, 965 F.3d at 538 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). The Court does this balancing by considering "the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it is conducted." *Id.* (citations omitted).

Moore purports to state a Fourth Amendment claim based on allegations that, despite multiple x-rays showing that he had nothing in his rectum, he was subjected to a physical search of his rectum. Although Moore was told that a warrant for the search had been obtained, he explains that he was not allowed to read it. Construing his allegations broadly, which the Court must at this stage, Moore appears to suggest that the court that issued the warrant must have been provided with false, misleading, or incomplete information because, given the negative x-ray results over multiple days, there was not a reasonable suspicion, let alone probable cause, to believe Moore had inserted contraband in his rectum. *See Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 567-68 (7th Cir. 2022) (noting that courts have long recognized that a request for a warrant violates the Fourth Amendment if an officer knowingly, intentionally, or with reckless disregard for the truth, makes false material statements in requesting the warrant or "intentionally or recklessly withhold[s] material information from a warrant application").

Moore cannot, however, proceed with this claim as alleged because he does not identify the person or people responsible for ordering the search or the person or people who requested the warrant for the search. At the end of his complaint, Moore lists the names of five people who he alleges were involved, but he does not explain how they were involved or clarify what each person

4

did or did not do to violate his rights. There is no vicarious liability under §1983, meaning a defendant will be liable for only his own misconduct, not for others' misconduct. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Accordingly, to state a claim, Moore must be specific about who did what.

Moore also fails to state a claim against Milwaukee County and the City of Milwaukee, the only Defendants he names in this action. Municipalities may be liable under §1983 if a municipal policy or custom causes the harm, but they will not be vicariously liable for harm that their agents cause. *See Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017). Moore includes no allegations suggesting that the allegedly unconstitutional search was the result of a County or City policy or custom. Accordingly, Moore fails to state a claim against these entities.

The Court will give Moore an opportunity to file an amended complaint to fix the deficiencies identified in this decision. Moore should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it, including whether the person was a jail official or a police officer; (4) why the search was requested; and (5) what relief he would like the Court to provide. If Moore does not know the name of a person who he believes violated his rights, he can use a John/Jane Doe placeholder. If he is allowed to proceed with a claim against a Doe defendant, he may use discovery to learn the defendant's name. Moore should set forth his allegations in short and plain statements, and he should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Moore is advised that an amended complaint replaces prior complaints and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin*

5

*Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Moore's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Moore's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 15, 2023**, Moore may file an amended complaint curing the deficiencies in the original complaint as described in this decision. If Moore does not file an amended complaint, this action will be dismissed based on his failure to state a claim in his original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Moore a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Moore shall collect from his institution trust account the $297.90 balance of the filing fee by collecting monthly payments from Moore's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Moore is transferred to another institution, the transferring institution shall forward a copy of this Order along with Moore's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Moore is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Moore is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on February 15, 2023.

s/ <em>Brett H. Ludwig</em><br>
BRETT H. LUDWIG<br>
United States District Judge